**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Willie Dewitt DAWSON,
Defendant-Appellant.**

**No. 78–5027
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 14, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F 2d 409, Part I.

John T. Ennis, Sr., Marion F. Walker, Birmingham, Ala., for defendant-appellant.

J. R. Brooks, U. S. Atty., Bill L. Barnett, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH, and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

The defendant-appellant was convicted by a jury of aiding and abetting a bank robbery, in violation of 18 U.S.C. §§ 2, 2113(d). The defendant challenges his conviction on several grounds, none of which constitute reversible error. Therefore, the defendant's conviction is affirmed.

■ To prove a defendant guilty of aiding and abetting, the government must show that the "defendant was associated with the criminal venture, participated in it as something he wished to bring about, and sought by his actions to make it succeed." *United States v. Longoria,* 569 F.2d 422, 425 (5th Cir. 1978). In the case on appeal, the defendant argues that the trial court erred by denying the defendant's motion for acquittal, which he made at the close of the Government's case, and by submitting the case to the jury. Because the defendant did not renew his motion for acquittal after all the evidence in the case had been presented, he is deemed to have waived the motion. Therefore, the appropriate standard of review is whether there has been a "manifest miscarriage of justice." *Smith v. United States,* 403 F.2d 689, 690 (5th Cir. 1968). If the defendant had renewed his motion after the presentation of all the evidence, this court could reverse the jury's verdict only if, viewing the evidence most favorably to the Government, a reasonably-minded jury must have a reasonable doubt concerning the existence of the essential elements of the crime charged. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed.2d 680 (1942); *United States v. Barrera,* 547 F.2d 1250, 1255 (5th Cir. 1977).

■ Even applying the less stringent standard of *Glasser,* there is more than sufficient evidence to support the defendant's conviction for aiding and abetting. The evidence showed, for example, that although the defendant did not participate in the actual robbery, he permitted the robbers to stay at his house while they planned the robbery. The defendant got a map for the robbers and showed them the locations

of banks suitable for robbing. He obtained a car for them to use in the robbery, a pair of gloves to use in cleaning their guns, and a pair of old shoes for one of the robbers to use during the crime and then to destroy. Additionally, the defendant was present during part of the time the robbers were cleaning their guns in his house. In light of this evidence and other evidence produced during the trial, the trial court did not err by denying the defendant's motion for acquittal. Because the evidence is sufficient to sustain the defendant's conviction, the trial court also did not err by failing to direct a verdict for the defendant.

■ The trial court permitted one of the robbers to testify that, sometime before the robbery involved in the case on appeal, the defendant hid him while he was a fugitive from justice. The defendant argues that this evidence was irrelevant and prejudicial. This evidence should not have been admitted because it was relevant solely to prove the defendant's bad character and it did not satisfy the prerequisites to admissibility provided in Rule 404 of the Federal Rules of Evidence. The admission of this evidence, however, was harmless error. Fed. R.Crim.P. 52(a). The primary prejudice resulting from this testimony was to show that the defendant associated with and was sympathetic to criminals. Other evidence brought out during the trial established this fact. Additionally, there was sufficient other evidence of the defendant's guilt that the defendant would have been convicted without this inadmissible evidence.

■ The defendant argues that the trial court erroneously permitted certain coconspirators to testify concerning statements made by other coconspirators. Specifically, the defendant argues that the complained of testimony constituted inadmissible hearsay because there was insufficient independent evidence connecting the defendant with the conspiracy and because Rule 801(d)(2)(E) of the Federal Rules of Evidence, the coconspirator hearsay exception, does not apply in a trial for aiding and abetting. The record shows that the Government introduced sufficient nonhear-

say evidence to establish a prima facie case of conspiracy and of the defendant's participation in the conspiracy. Therefore, the defendant's first argument is meritless. *United States v. White,* 569 F.2d 263, 267 (5th Cir. 1978); *United States v. Hansen,* 569 F.2d 406, 409 (5th Cir. 1978).

■ The defendant's second argument also is meritless. Even if a defendant has not been indicted for conspiracy, statements made by a nontestifying coconspirator are admissible against the defendant if "there is independent evidence of a concert of action," in which the defendant was a participant. *Park v. Huff,* 506 F.2d 849, 859 (5th Cir.), *cert. denied,* 423 U.S. 824, 96 S.Ct. 38, 46 L.Ed.2d 40 (1975). Because the Government introduced sufficient independent evidence of the existence of a conspiracy, in which the defendant was a coconspirator, the trial court properly admitted the disputed testimony pursuant to Rule 801(d)(2)(E).

■ Two coconspirators testified that, after the robbery, the robbers agreed to compensate the defendant for his help in the robbery. The defendant challenges the admissibility of this testimony on the grounds that it was prejudicial hearsay testimony and that the conversation occurred after the robbery. The defendant's first argument is meritless because the testimony was not hearsay, pursuant to Rule 801(d)(2)(E). The defendant did not raise his second argument at trial. Therefore, this court will reverse the defendant's conviction on the basis of this objection only if the admission of the testimony constituted plain error affecting substantial rights. Fed.R.Crim.P. 52(b); *United States v. Garcia,* 531 F.2d 1303, 1307 (5th Cir.), *cert. denied,* 429 U.S. 941, 97 S.Ct. 359, 50 L.Ed.2d 311 (1976). The admission of this evidence, even if it constituted error, did not rise to the level of plain error.

■ The defendant next argues that the trial court erred by failing to charge the jury sua sponte that mere knowledge that a crime has been committed is insufficient to support a conviction for aiding and abetting. The defendant bases this argument

solely on two Second Circuit cases, *United States v. Terrell,* 474 F.2d 872 (2d Cir. 1973) and *United States v. Garguilo,* 310 F.2d 249 (2d Cir. 1962). The defendant's argument is meritless for three reasons. First, the Fifth Circuit is in no way bound by decisions rendered by other circuits. Second, the defendant's argument is meritless even under *Terrell* and *Garguilo.* Third, the trial court twice instructed the jurors that they should convict the defendant only if they believed that he sought to make the robbery succeed.

The defendant's final argument is that the trial court judge imposed an excessive sentence. It is settled law that trial court judges have wide discretion in determining an appropriate sentence. If the sentence is within the statutory limits, the sentence "will not be disturbed on appeal in the absence of a clear abuse of discretion." *United States v. Gray,* 565 F.2d 881, 893 (5th Cir. 1978). The trial court judge in the case on appeal did not abuse his discretion.

AFFIRMED.