Harry James GORMLY, Jr., owner of the sailing yacht, "FANTASY", in an action for exoneration from and limitation of liability and other claims, Plaintiff-Appellant,

v.

Schuyler VAN INGEN, et al., Defendants-Appellees.

Schuyler VAN INGEN, Plaintiff-Appellee,

v.

MARINA MOTOR INN ENTERPRISES, INC., a Florida Corporation, d/b/a Marina Inn & Yacht Harbor and Gary Coit, Defendants,

Harry James Gormly, Jr., Defendant-Appellant.

Nos. 82–5603 and 82–5607 Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 17, 1983.

Ben J. Weaver, Weaver & Weaver, P.A., Fort Lauderdale, Fla., for Harry James Gormly, Jr.

William M. Alper, Miami, Fla., for Schuyler Van Ingen, et al.

Before TJOFLAT, JOHNSON and HATCHETT, Circuit Judges.

PER CURIAM:

These consolidated admiralty suits arose out of a collision between sailing yacht "FANTASY" and sailing yacht "SPIRIT OF PIPIT" ["PIPIT"]. At the time of the collision the "PIPIT" was moored at a marina owned and operated by defendant Marina Motor Inn Enterprises, Inc. ["Marina"], d/b/a Marina Inn and Yacht Harbor, in Fort Lauderdale, Florida. Harry James Gormly, Jr., owner of "FANTASY," sued for Exoneration from or Limitation of Liability and, in the alternative, sought contri-

bution from the Marina and Gary Coit, the owner of "PIPIT."

Schuyler Van Ingen sought damages from Marina, Coit and Gormly for personal injuries sustained by him in the collision.

 The limitation of liability action was mooted by a settlement between Van Ingen and Gormly. Under the terms of the agreement, Gormly and Lloyds (Gormly's insurer) agreed to pay Van Ingen $100,-000.00 in settlement of all Van Ingen's claims against Gormly, "FANTASY" and Lloyds. Following trial to the court, Findings of Fact and Conclusions of Law were entered. The district court found Marina, Coit and Gormly negligent and assessed damages at $60,000.00. The negligence was apportioned as follows:

| | | |
|---|---|---|
| Yacht "FANTASY" | — Gormly | — 65% |
| Marina | | — 30% |
| Yacht "SPIRIT OF PIPIT" | — Coit | — 5% |

The district court entered final judgment in favor of Van Ingen and against Coit in the sum of $3,000.00 and in favor of Van Ingen and against Marina in the sum of $18,000.00. No judgment was entered on Gormly's claim for contribution. The court concluded the non-settling defendants, Marina and Coit, were not entitled to a dollar credit on the $100,000.00 settlement Van Ingen made with Gormly. We agree and on the basis of *Leger v. Drilling Well Control, Inc.*, 592 F.2d 1246 (5th Cir.1979)[1] hold that the non-settling defendants were liable to plaintiff Van Ingen to the extent of their percentage of negligence as applied to the total damages to plaintiff as found by the district court.

AFFIRMED.

---

**1.** The Eleventh Circuit Court of Appeals has adopted the case law of the former Fifth Circuit as its governing body of precedent. This precedent is binding unless and until overruled or modified by this Court en banc. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209–11 (11th Cir. 1981) (en banc).