**Ricky R. BORDELON**

v.

**CONSOLIDATED GEOREX GEOPHYSICS.**

Civ. A. No. 83–0662.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Feb. 19, 1986.

James T. Lee and John T. Bennett, Marksville, La., for Ricky Bordelon.

Gold, Little, Simon, Weems & Bruser, John F. Simon, Alexandria, La., for Argonaut-Southwest Ins. Co. and Daigrepont Drilling, Inc.

Gist, Methvin, Hughes & Munsterman, George Gaiennie, III, Alexandria, La., for H & H Rentals, Inc.

Trimble, Randow, Percy, Smith, Wilson & Foote, Lon P. Wilson, Alexandria, La., Deutsch, Kerrigan & Stiles, Eileen R. Madrid, New Orleans, La., for Consol. Georex Geophysics.

Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Rebecca F. Doherty, Lafayette, La., for Flotation Services, Inc. and Consol. Georex Geophysics.

## RULING

NAUMAN S. SCOTT, District Judge.

The plaintiff (Bordelon) sued Flotation Services, Inc. (Flotation), H & H Rentals, Inc. (H & H), and Consolidated Georex Geophysics (Consolidated) for injuries suffered by him on Consolidated's barge. Plaintiff settled with his employer, Daigrepont Drilling, Inc. (Daigrepont). Daigrepont was subsequently made a third-party defendant by Flotation, H & H and Consolidated.

This matter is now before us on a Motion for Summary Judgment, filed by the third-party defendant, Daigrepont.

In support of its motion Daigrepont argues that all claims of Bordelon against it have been settled and that it cannot be held liable to Bordelon. The third-party plaintiffs allege that Daigrepont is liable to Bordelon as his "Jones Act employer," and that in the event the third-party plaintiffs are held responsible to Bordelon on the principal demand, that they are entitled to judgment against Daigrepont for all or part of the sums from which they may be cast in judgment to the plaintiff.

We find that there is no genuine issue of material fact. There has been such a settlement and Daigrepont's assessment of the third-party demands is correct.

Daigrepont relies upon *Leger v. Drilling Well Control, Inc.,* 592 F.2d 1246 (5th Cir. 1979), for the proposition that there is no need for the settling prospective defendant, Daigrepont, to be in this lawsuit, because as in *Leger* the non-settling joint tort-feasors may attempt to prove that the settling alleged joint tort-feasor was at fault and the liability for the damage proved will be allocated among the tort-feasors and the plaintiff based on their comparative fault, the plaintiff's recovery against the non-settling joint tort-feasors being reduced by his own comparative fault as well as that of the settling alleged joint tort-feasor.

In *Leger,* the plaintiff was an employee of Drilling Well Control, Inc. (DWC), working on a barge owned by Dresser Offshore Services, Inc. (Dresser) at the time of his injury. Dresser was using this barge in a workover operation of an offshore oil well owned by Continental Oil Company (Continental). The plaintiff settled with everyone but Dresser. At trial, the jury apportioned fault as follows: Dresser—45%; Continental—20%; DWC—0%; and Leger—35%. On appeal, a pro rata reduction was made on the amount Leger was entitled to recover from Dresser based upon the proportion of fault of the settling tortfeasors. The Fifth Circuit found no reason for rejecting the reasoning, that liability for damages sustained by the plaintiff be allocated among the parties proportionately to the comparative degree of their fault, "simply because one or more of the *potential* defendants has settled with the injured party". *Leger, supra,* at p. 1249 (emphasis ours).

Under the rule in *Leger,* there is no double recovery by the plaintiff for his injuries. As the court in *Leger* stated: "Whether the plaintiff obtains a favorable or unfavorable settlement, he may only recover once for each wrongdoer's percentage of fault." *Leger, supra,* at p. 1250. In *Martin v. Walk, Haydel & Associates, Inc.,* 742 F.2d 246 (5th Cir.1984), the Fifth Circuit, citing *Leger,* applied the principle of reducing the plaintiff's recovery to the extent that the settling tort-feasor contributed to the plaintiff's injury. *Martin, supra,* at p. 247. Again, in *Diggs v. Hood,* 772 F.2d 190 (5th Cir.1985), the Fifth Circuit cited *Leger* with approval and explained that by crediting the judgment against the non-settling defendants with the dollar amount representing the proportion of negligence attributable to the settling tort-feasor there would be a final adjustment of rights of the released tort-feasor after his settlement with the plaintiff. *Diggs, supra,* at p. 196. The idea of promoting settlements was clearly an important factor considered by the court in *Leger.*

The third-party plaintiffs, Flotation, H & H, and Consolidated, all argue that summary judgment should not be granted in this case and that Daigrepont should remain in this lawsuit, based on two Eleventh Circuit decisions, *Drake Towing Co., Inc. v. Meisner Marine Construction Co.*, 765 F.2d 1060 (11th Cir.1985), and *Ebanks v. Great Lakes Dredge & Dock Co.*, 688 F.2d 716 (11th Cir.1982). We should mention at the outset that courts of the Fifth Circuit are not bound by decisions rendered by other circuits. *United States v. Dawson*, 576 F.2d 656, 659 (5th Cir.1978).

*Drake* and *Ebanks* attempt to distinguish *Leger* [1] on the basis that *Leger* did not involve the question of whether the trial court may decrease the liability of the non-settling joint tort-feasor that is at trial by considering the fault of a settling joint tort-feasor that is not. This attempt fails. The analysis of the Fifth Circuit in *Leger* clearly encompassed *potential* defendants who settle with the plaintiff prior to trial. *Leger, supra*, at p. 1249 (emphasis ours). We fail to see any distinction between cases in which a settling joint tort-feasor is represented at the trial between the plaintiff and the non-settling joint tort-feasors and cases where he is not.

The Eleventh Circuit in *Drake* and *Ebanks* suggested that the issue of the settling joint tort-feasor's fault is not relevant in a trial between the plaintiff and the non-settling joint tort-feasors. We disagree. How else can comparative fault be applied in cases involving multiple joint tort-feasors, without determining the fault of each alleged joint tort-feasor vis-a-vis the other alleged joint tort-feasors as well as the plaintiff. It was also suggested in those two cases that it is an unfair burden for the plaintiff to have to show that the settling alleged joint tort-feasor was not

responsible for the plaintiff's injuries. We do not think that this burden is unfair. The plaintiff does not have the burden of proof on this issue. It is the non-settling alleged joint tort-feasor who must come forth and prove that the settling alleged joint tort-feasor was at fault and that this fault caused the injuries sustained by the plaintiff. By settling with one potential defendant, the plaintiff accepted not only the possibility of receiving less compensation from that defendant, but he also bargained away certain intangible advantages such as the ability to use certain trial tactics. It may be an advantage to the plaintiff to have several defendants in a lawsuit, pointing their respective fingers at each other and saying "He did it, not I", but this advantage may be lost as the result of a settlement with less than all the defendants. It is not unjust to require the plaintiff to rebut allegations of the settling alleged joint tort-feasor's fault in order to recover a greater sum at trial, anymore than it is to require the plaintiff to rebut the allegations of his own negligence. As was stated in *Leger:* "Whether the plaintiff or any of the defendants are ultimately found to have made a favorable settlement, we will 'respect the aleatory nature of the settlement process ...' *Doyle v. United States*, 441 F.Supp. 701, 711, n. 5 (D.S.C. 1977)." *Leger, supra*, at p. 1251.

We find that the rule announced in *Drake* and *Ebanks* would certainly discourage settlement. Why would a defendant or a potential defendant settle a case when he would still have to put on his case at trial? It does not make sense to this court to require the settling alleged joint tort-feasor to be represented at trial.[2] If the potential defendant has limited its exposure by settling with the plaintiff, is it even possible

---

1. The Eleventh Circuit Court of Appeals is bound by the case law of the old Fifth Circuit except where that case law has been overruled or modified by the Eleventh Circuit en banc. *Gormly v. Van Ingen*, 736 F.2d 624, 625 (11th Cir.1983); *Bonner v. City of Prichard*, 661 F.2d 1206, 1209–11 (11th Cir.1981) (en banc).

2. Such practice would only serve to increase the expense of litigation. Our own Fifth Circuit has recognized a Rand Corporation study which estimated the public cost of the average jury trial in a federal court to be over $7,000. "Hence, every hour of litigation is costly both to the parties and the taxpayers, and the expense should not be incurred needlessly." *Fontenot v. Upjohn Co.*, 780 F.2d 1190 (5th Cir.1986).

that this alleged joint tort-feasor will invest the time and effort required in putting up a defense? Will the horror of the plaintiff shouldering the burden of demonstrating that this alleged joint tort-feasor was not at fault, be alleviated by that defendant's mere presence, as *Drake* and *Ebanks* would seem to suggest?

We find the cases of *Drake* and *Ebanks* to be irreconcilable with the rule in *Leger*. *Leger* requires the apportionment of fault of settling and non-settling joint tort-feasors. *Drake* and *Ebanks* would require that this apportionment be achieved by a severed third-party action between the settling and non-settling joint tort-feasors. Such a rule would destroy any possibility of settlement unless all of the potential defendants agree to settle, because the settling joint tort-feasor has accomplished nothing by settling with the plaintiff if the non-settling joint tort-feasors can still require the settling joint tort-feasor to contribute more than he has previously paid the plaintiff. The plaintiff would also be gaining a double recovery to the extent that there is no pro rata reduction of the judgment for the proportion of fault attributable to the settling joint tort-feasor. This is directly contrary to *Leger*.

█ We agree with *Drake* and *Ebanks* that in theory each joint tort-feasor is *potentially* liable for all of the plaintiff's damages; however, where there has been a settlement between the plaintiff and a potential defendant, the effect of the settlement is that the judgment against the non-settling joint tort-feasor will be reduced by the proportion of fault attributable to the settling joint tort-feasor in all cases. *Diggs, supra; Martin, supra; Leger, supra.*

Accordingly, we find that the mover is entitled to summary judgment as a matter of law and hereby ORDER that the Motion for Summary Judgment be GRANTED and that the mover submit a judgment in accordance with this ruling within ten (10) days of the signed date.