Robin HARRISON

v.

GARBER BROS., INC.

Civ. A. No. 89-3064.

United States District Court,
E.D. Louisiana.

June 11, 1990.

</div>

Robert J. Young Jr., Young, Richaud, Theard & Myers, New Orleans, La., for plaintiff.

Ashton R. O'Dwyer Jr., J. Dwight LeBlanc III, Lemle & Kelleher, New Orleans, La., for defendant.

---

**4.** One source of such authority is the all writs statute, 28 U.S.C. § 1651.

## ORDER AND REASONS

PATRICK E. CARR, District Judge.

This matter is before the Court on plaintiff's motion in limine [Document No. 48]. For the following reasons, the Court DENIES the motion.

### I.

In the wee morning hours of January 31, 1989, John R. Harrison and his captain were walking along a highway in south Louisiana back to their vessel from a trip to a nearby convenience store. A drunk driver speeding down the road struck Mr. Harrison. Mr. Harrison died, and the driver was convicted for negligent homicide.

In July 1989, Robin Harrison, Mr. Harrison's widow, sued Garber Bros., Inc., her husband's employer, for unseaworthiness and Jones Act negligence. She alleged that her husband was in the course and scope of his employment as a seaman during this walk and that Garber Bros. should have provided a car for the trip to the store. She demands a jury.

Neither Mrs. Harrison nor Garber Bros. ever sued the drunk driver. On January 24, 1990, however, Mrs. Harrison settled any potential claims she might have brought against the driver and an insurer: [1] in return for $10,000, she signed in her attorney's presence an unconditional general receipt and release in favor of these two.

Mrs. Harrison now moves in limine to prohibit Garber Bros. from introducing any evidence related to or making any arguments about or references to the driver's negligence.[2] She also objects to any jury interrogatories that ask whether, and if so to what extent, the driver's negligence was a contributing proximate cause of her husband's death.

### II.

Two Fifth Circuit rules under general maritime law and the Jones Act are undisputed for cases where a plaintiff settles with a *named* codefendant prior to trial: first, the factfinder is to determine the relative degrees of fault among the plaintiff, any nonsettling defendant, and the settling defendant; second, any award against the nonsettling defendants is to be reduced by the degree of fault the factfinder attributes to the settling defendant.[3] *See Leger v. Drilling Well Control, Inc.*, 592 F.2d 1246 (5th Cir.1979); *Martin v. Walk, Haydel & Associates, Inc.*, 742 F.2d 246, 249 (5th Cir.1984); *Vickers v. Chiles Drilling Co.*, 822 F.2d 535, 540 (5th Cir.1987); *see also Simeon v. T. Smith & Son, Inc.*, 852 F.2d 1421, 1430 n. 11, 1444–45 n. 9 (5th Cir.), *reh'g en banc denied*, 860 F.2d 1255 (5th Cir.1988) (per curiam), *certs. denied*, —— U.S. ——, 109 S.Ct. 3156, 104 L.Ed.2d 1019 (1989).

Mrs. Harrison contends that these rules do not apply here because neither she nor Garber Bros., the sole named defendant in her suit, ever sued the settling alleged joint tortfeasor at issue here, the drunk driver. Instead, she contends that the general rule of joint liability for Jones Act and general maritime claims, *see id.* at 1428–31, controls so that, if found at all at fault, Garber Bros. will be liable to her for the drunk driver's degree of fault as well. As sole support for her position, Mrs. Harrison

---

1. While the Court surmises that the insurer, Andrew Jackson Insurance Company, was the driver's motor vehicle liability insurer, *cf.* La. R.S. 32:861(A)(1), :900(B)(2)(a) (requiring any private car registered in Louisiana to be insured to at least $10,000 for wrongful death liability), the record does not reveal the insurance company's relation to the driver, Francis R. LaPointe Jr. Nor is that relation material here.

2. In Document No. 48, Mrs. Harrison also moves in limine to exclude testimony of four proposed witnesses for Garber Bros. on the ground that these witnesses were not listed in the pretrial order. This order and reasons does not address this other motion. *See also* Document Nos. 46–47.

3. Other circuits do not fully concur in these rules. *See Miller v. Christopher*, 887 F.2d 902, 905–06 (9th Cir.1989) (explaining the split). Whatever the merits of the other circuits' approaches, however, this court is bound by these Fifth Circuit cases, until either the Fifth Circuit en banc or the Supreme Court rules otherwise or Congress enacts legislation to the contrary. This Court merely adds that these other circuits do not rely on the distinction, suggested by Mrs. Harrison, between settling joint tortfeasors who are sued and those who are not.

cites a lone sentence by the district court in *Leger:* "A settling party's negligence is considered only when he has been made a party to the suit." 69 F.R.D. 358, 363 (W.D.La.1976). Her contention, which in effect turns on the single word "only," is misplaced.

First, *Leger* did not concern settling tortfeasors who had not been named in the plaintiff's lawsuit. Thus, the statement, for which the district court provided no supporting authority, is dictum to the extent that it implies that the rule above on settlement does not equally apply where a settling tortfeasor is never made, but before settling could have been made, a party to the suit at issue. Second, while it quoted this statement by the district court, 592 F.2d at 1248, the Fifth Circuit in *Leger* never indicated that it agreed with the dictum. If anything, it implicitly rejected the dictum by stating that the *Reliable Transfer*[4] rule applies notwithstanding that "'one or more of the *potential* defendants has settled with the injured party.'" *Bordelon v. Consolidated Georex Geophysics*, 628 F.Supp. 810, 811 (W.D.La.1986) (quoting *Leger*, 592 F.2d at 1249) (emphasis from *Bordelon*). Third, the only case the Court has found to address directly the identical issue here has expressly rejected the dictum. *See id.*

Fourth, the Fifth Circuit's opinion in *Martin*, 742 F.2d 246, implicitly holds that any distinction between settling tortfeasors who were named defendants in the lawsuit at issue and settling tortfeasors who were not is immaterial. In *Martin*, the plaintiff, a seaman employed by Walk, Haydel & Associates, Inc. (WHA), was injured just after he stepped onto a boat owned by Louisiana Offshore Oil Port, Inc. (LOOP). The Fifth Circuit's opinion does not state whether the plaintiff ever sued LOOP; it merely indicates that "[p]rior to trial, plaintiff compromised his claim against LOOP and proceeded against WHA under the

Jones Act and general maritime law." *Id.* at 248. The trial court found WHA at fault for both Jones Act negligence and unseaworthiness. *See id.* Holding that WHA was not a demise charterer of the boat, the Fifth Circuit reversed liability against WHA for unseaworthiness and held that LOOP alone owed the plaintiff the duty of unseaworthiness. Citing *Leger*, the court then continued: "In view of LOOP's compromise with plaintiff, the district court should, on remand, determine to what extent the unseaworthy condition of the vessel contributed to plaintiff's injuries and reduce plaintiff's recovery to that extent." *Id.* at 249. In following *Leger*, the Fifth Circuit did not indicate whether LOOP had been named a defendant in the suit before it settled with the plaintiff. Thus, it follows that *Martin* implicitly, but necessarily, held this distinction to be immaterial.

Finally, the general principles enunciated in *Leger* and other cases requiring that a plaintiff's award be reduced by the degree of any settling joint tortfeasor's fault do not turn on any distinctions between joint tortfeasors who are sued and those who are not sued. As the Fifth Circuit explained in *Leger*, the rule is designed on the one hand to promote settlements and on the other to prevent windfalls to a plaintiff. *See Leger*, 592 F.2d at 1250–51. "Whether the plaintiff obtains a favorable or unfavorable settlement, he may only recover once for each wrongdoer's percentage of fault." *Id.* at 1250. These principles place no significance on the filing or not of suit against the settling tortfeasor. To adopt Mrs. Harrison's position would vitiate this second concern without promoting the first.

In sum, under general maritime law and the Jones Act, the liability of a nonsettling defendant is to be reduced by the degree of fault of a settling joint tortfeasor, even if the settling joint tortfeasor is never named as party in the plaintiff's lawsuit.[5]

**4.** *United States v. Reliable Transfer Co.*, 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975) (liability for damages sustained by a plaintiff in a maritime action is to be allocated among the parties proportionately to the comparative degree of their fault).

**5.** Louisiana state law appears the same. *See Moon v. City of Baton Rouge*, 522 So.2d 117, 126 (La.App. 1st Cir.1987), *adhered to on second reh'g*, 522 So.2d 117, 129–30 (La.App. 1st Cir.), *writs denied*, 523 So.2d 1319, 1320, 1327 (La.

Thus, the Court must reject Mrs. Harrison's contentions in whole. Not only may Garber Bros. present evidence and argument of the drunk driver's contributing negligence,[6] but also the jury is to determine the relative degrees of fault among Garber Bros., Mr. Harrison, and the drunk driver.

### III.

For these reasons, the Court DENIES plaintiff's motion.

1988). *See generally* La.Civil Code arts. 1803–1804.

In *Moon,* plaintiff Moon's husband was killed in a car wreck with another car. Alleging that the city failed to maintain a safe highway shoulder, she sued the city and its insurers. She did not, however, sue the other driver and his insurer; instead, she settled with them. The trial court rendered judgment in plaintiff Moon's favor and made no reduction for her settlement with the driver and his insurer. On appeal, finding that the city and the other driver were joint tortfeasors/codebtors in solido in tort, the First Circuit reduced plaintiff Moon's award against the city and its insurers by half to reflect the degree of fault attributable to the non-party driver.

6. Even if Mrs. Harrison were correct about the jury interrogatory issue, she provides absolutely no support that Garber Bros. would be precluded from asserting the familiar "empty chair" argument, that is, from presenting evidence or argument that Garber Bros. was not negligent and that, if anyone was, it was the drunk driver and/or Mr. Harrison.