IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40766
Summary Calendar
_____

MARIO JIMENEZ RIOS,

Petitioner-Appellant,

versus

IMMIGRATION AND NATURALIZATION SERVICE;
JONATHON DOBRE, Warden,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-696
--------------------
January 28, 2003

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Mario Jimenez Rios, an excludable alien who arrived in the United States in the 1980 Mariel boatlift from Cuba, appeals the denial of his 28 U.S.C. § 2241 habeas corpus petition, in which he challenges his continued detention by the Immigration and Naturalization Service ("INS"). INS took Rios into custody in 1998 following his state conviction and sentence for attempted indecency with a child, the latest conviction in his extensive

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

criminal history within the United States.  The record shows that he has received parole review but has been repeatedly denied release on account of his criminal history and disciplinary record.

Relying on Zadvydas v. Davis, 533 U.S. 678 (2001), Rios contends that his continued detention violates his constitutional rights.  The district court did not err in determining that Rios is not entitled to relief.  See Gisbert v. U.S. Atty. Gen., 988 F.2d 1437, 1439 (5th Cir. 1993), amended by Gisbert v. U.S. Atty. Gen., 997 F.2d 1122 (5th Cir. 1993).  Although Zadvydas held that a deportable alien may contest his continued detention in a 28 U.S.C. § 2241 proceeding, the Court distinguished the status of deportable aliens from that of excludable aliens like Rios.  See Zadvydas, 533 U.S. at 682, 692-94.  Rios's petition is governed by Gisbert.

AFFIRMED.