**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 28, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

——————————————

No. 02-30766
Summary Calendar

——————————————

TING XUN ZHENG,

Plaintiff-Appellant,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-525
--------------------

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Ting Xun Zheng ("Zheng"), an excludable alien who is a citizen of the People's Republic of China, appeals the district court's denial of his 28 U.S.C. § 2241 petition in which he challenged the right of the Immigration and Naturalization Service to detain him indefinitely in light of the Supreme Court decision in Zadvydas v. Davis, 533 U.S. 678 (2001).

In Zadvydas, the Supreme Court set up a framework in which a deportable alien could establish the unreasonableness of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

continued detention and obtain his release, albeit supervised, in a habeas corpus proceeding under 28 U.S.C. § 2241. 533 U.S. at 701. Zheng's argument that <u>Zadvydas</u> should apply equally to excludable aliens like himself is now foreclosed by this court's decision in <u>Rios v. INS</u>, ___ F.3d ___ (5th Cir. Jan. 28, 2003, No. 02-40766), 2003 WL 734159 at *1. Instead, this court's holding in <u>Gisbert v. U.S. Atty. Gen.</u>, 988 F.2d 1437, 1440-47 (5th Cir.), <u>amended</u> <u>by</u> <u>Gisbert v. U.S. Atty. Gen.</u>, 997 F.2d 1122 (5th Cir. 1993), that there are no time limits on the detention of excluded aliens who have been denied entry, governs Zheng's petition. <u>See</u> <u>Rios</u>, 2003 WL 734159 at *1.

Zheng has also moved for the appointment of counsel. In light of the foregoing, that motion is denied.

JUDGMENT AFFIRMED; MOTION DENIED.