United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-20860
Summary Calendar

———————————————

EMILIO GONZALEZ-MONTERREY,

                                        Petitioner-Appellant,

versus

BUREAU OF IMMIGRATION AND
CUSTOMS ENFORCEMENT,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-01-CV-3014)
--------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Petitioner-Appellant Emilio Gonzalez-Monterrey ("Gonzalez"),

immigration detainee number A24787029, appeals the district court's

denial of his 21 U.S.C. § 2241 habeas petition challenging the

right of the Immigration and Naturalization Service to detain him

indefinitely in light of the Supreme Court decision in <u>Zadvydas v.

Davis</u>, 533 U.S. 678 (2001).  Gonzalez is an excludable alien who is

a Cuban national.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In <u>Zadvydas</u>, the Supreme Court set up a framework in which a deportable alien could establish the unreasonableness of his continued detention and obtain his release, albeit supervised, in a habeas corpus proceeding under 28 U.S.C. § 2241. 533 U.S. at 701. Gonzalez's argument that <u>Zadvydas</u> should apply equally to excludable aliens like himself is foreclosed by our decision in <u>Rios v. INS</u>, ___ F.3d ___ (5th Cir. Jan. 28, 2003, No. 02-40766), 2003 WL 734159 at *1. Gonzalez's petition is governed by our holding in <u>Gisbert v. U.S. Atty. Gen.</u>, 988 F.2d 1437, 1440-47 (5th Cir.), <u>amended</u> <u>by</u> <u>Gisbert v. U.S. Atty. Gen.</u>, 997 F.2d 1122 (5th Cir. 1993), that there are no time limits on the detention of excluded aliens who have been denied entry. See <u>Rios</u>, 2003 WL 734159 at *1. The district court did not err in denying the petition.

AFFIRMED.