United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30353
Summary Calendar

_____

JORGE SMITH QUINTERO

Petitioner - Appellant

v.

BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT

Respondent - Appellee

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-1426
--------------------

Before KING, Chief Judge, and JOLLY and PRADO, Circuit Judges.

PER CURIAM:[*]

Petitioner, Jorge Smith Quintero, immigration detainee
# 03478-131, appeals the district court's denial of his 21 U.S.C.
§ 2241 habeas petition challenging the right of the Immigration
and Naturalization Service to detain him indefinitely in light of
the Supreme Court decision in Zadvydas v. Davis, 533 U.S. 678
(2001).  Quintero is an excludable alien who is a Cuban national.

In Zadvydas, the Supreme Court set up a framework in which
a deportable alien could establish the unreasonableness of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

continued detention and obtain his release, albeit supervised, in a habeas corpus proceeding under 28 U.S.C. § 2241. <u>Id.</u> at 701. Qunitero's argument that <u>Zadvydas</u> should apply equally to excludable aliens like himself is foreclosed by this court's decision in <u>Rios v. INS</u>, 324 F.3d 296, 296 (5th Cir. 2003). Instead, this court's holding in <u>Gisbert v. U.S. Atty. Gen.</u>, 988 F.2d 1437, 1440-47 (5th Cir.), <u>amended by</u> <u>Gisbert v. U.S. Atty. Gen.</u>, 997 F.2d 1122 (5th Cir. 1993), that there are no time limits on the detention of excluded aliens who have been denied entry governs Quintero's petition. <u>See</u> <u>Rios</u>, 324 F.3d at 296. The district court did not err in denying the petition.

AFFIRMED.