United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 19, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

-----

No. 03-40094
Summary Calendar

-----

JUAN ALBERTO MORA-RUEDA,

                                                                          Petitioner-
                              Appellant,

                              versus

BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT;
JOHN ASHCROFT, U.S. ATTORNEY GENERAL;
ERNEST CHANDLER, Warden,

                                                            Respondents-Appellees.

-------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-581
-------------------------------------------------------------

Before SMITH, DEMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

       Juan Alberto Mora-Rueda, immigration detainee # 00125-129, appeals the district court's

denial of his 21 U.S.C. § 2241 habeas petition challenging the right of the Immigration and

Naturalization Service to detain him indefinitely in light of the Supreme Court decision in Zadvydas

v. Davis, 533 U.S. 678 (2001).  Mora-Rueda is an excludable alien who is a Cuban national.

-----

       [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

In Zadvydas, the Supreme Court set up a framework in which a deportable alien could establish the unreasonableness of his continued detention and obtain his release, albeit supervised, in a habeas corpus proceeding under 28 U.S.C. § 2241. Id. at 701. Mora-Rueda's argument that Zadvydas should apply equally to excludable aliens like himself is foreclosed by this court's decision in Rios v. INS, 324 F.3d 296, 296 (5th Cir. 2003). Instead, this court's holding in Gisbert v. U.S. Atty. Gen., 988 F.2d 1437, 1440-47 (5th Cir.), amended by Gisbert v. U.S. Atty. Gen., 997 F.2d 1122 (5th Cir. 1993), that there are no time limits on the detention of excluded aliens who have been denied entry, governs Mora-Rueda's petition. See Rios, 324 F.3d at 296. The district court did not err in denying the petition.

AFFIRMED.