United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30992
Summary Calendar

RODOLFO PARRA-PARRA,

Petitioner-Appellant,

versus

JOHN ASHCROFT,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 03-CV-400
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rodolfo Parra-Parra, alien # A23-223-289, appeals the district court's denial of his 28 U.S.C. § 2241 habeas petition challenging the right of the Immigration and Naturalization Service (INS) to detain him indefinitely in light of the Supreme Court decision in Zadvydas v. Davis, 533 U.S. 678 (2001). Parra-Parra is an excludable alien who is a Cuban national.

Citing Xi v. INS, 298 F.3d 832 (9th Cir. 2002), Parra-Parra argues that the rationale of the Supreme Court's decision in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Zadvydas extends to inadmissible aliens.  In his reply brief, he argues that this case should be held because the Supreme Court has granted certiorari in two cases, United States v. Benitez, 310 F.3d 1221 (9th Cir. 2002), cert. granted, 124 S. Ct. 921 (2003), and Benitez v. Wallis, 337 F.3d 1289 (11th Cir. 2003), cert. granted, 124 S. Ct. 1143 (2004).  The Ninth Circuit Benitez decision in no way deals with the issues on appeal.

Parra-Parra's argument that Zadvydas should apply equally to excludable aliens like himself is foreclosed by this court's decision in Rios v. INS, 324 F.3d 296, 296 (5th Cir. 2003). Instead, this court's holding in Gisbert v. U.S. Atty. Gen., 988 F.2d 1437, 1440-47 (5th Cir.), amended by Gisbert v. U.S. Atty. Gen., 997 F.2d 1122 (5th Cir. 1993), that there are no time limits on the detention of excluded aliens who have been denied entry, governs Parra-Parra's petition.  See Rios, 324 F.3d at 296.  This court is in no way bound by the decisions of other circuits, United States v. Dawson, 576 F.2d 656, 659 (5th Cir. 1978), and a panel of this court may not overrule or ignore a prior panel decision.  United States v. Ruiz, 180 F.3d 675, 676 (5th Cir. 1999).  Even though the Supreme Court has granted certiorari in the Eleventh Circuit Benitez decision, we continue to follow our own binding precedent.  See Wicker v. McCotter, 798 F.2d 155, 157-58 (5th Cir. 1986).  Thus, the district court did not err in deciding that Parra-Parra's continued detention did

not violate his constitutional rights.  See Rios, 324 F.3d at 296.

Parra-Parra also argues that he has been in INS custody since 1996 and that there is nothing in the record to show that he has been provided with due process, i.e., an initial review under 8 C.F.R. § 212.12 within three months of the revocation of his parole and annual reviews thereafter.  However, he concedes that he has had at least four interviews with the Cuban Review Panel, and he does not argue that he did not receive the requisite reviews.  His conclusory allegations are insufficient to state a constitutional claim.  See Beazley v. Johnson, 242 F.3d 248, 270 (5th Cir. 2001).  His argument that the district court should have ordered the Government to respond to his allegation that he may not have received the periodic reviews provided by law also fails.  See 28 U.S.C. § 2243.  Accordingly, the judgment of the district court denying Parra-Parra's 28 U.S.C. § 2241 petition is AFFIRMED.