United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 3, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30890
Summary Calendar

_____

ROBERTO BAEZ,

Plaintiff-Appellant,

versus

BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT; DEAN A. HOLT,
Agent of IRS; JOHN ASHCROFT, U.S. ATTORNEY GENERAL;
MAXWELL WOOD, United States Attorney,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 03-CV-1307
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Roberto Baez, detainee # 90703, appeals the district court's
denial of his 28 U.S.C. § 2241 petition, challenging his indefinite
detention pending removal to his native country of Cuba. Baez
contends that the district court erred in rejecting his claim that
his indefinite detention violates his constitutional rights. There
are no constitutional time limits on the detention of excluded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

aliens who have been denied entry into the United States. Rios v. INS, 324 F.3d 296, 296 (5th Cir. 2003); Gisbert v. U.S. Atty. Gen., 988 F.2d 1437, 1439-41 (5th Cir.), amended by Gisbert v. U.S. Atty. Gen., 997 F.2d 1122 (5th Cir. 1993).

Baez next asserts that he was improperly denied immigration parole by the Mariel Cuban Review Panel (the "Panel") based on inaccurate information concerning the quantity of cocaine involved in his drug-trafficking offense. The record indicates that parole was denied because Baez demonstrated a propensity to engage in recidivist criminal behavior, had been cited for failing to follow directions while detained, and had not shown that he would remain nonviolent and would not pose a threat to the community if released. Baez has not shown that he was improperly denied parole. See Gisbert, 988 F.2d at 1448.

Baez also advances that the Panel violated his due process rights. Excluded aliens do not have the same due process rights as criminal parolees, and denial or revocation of immigration parole does not rise to the level of a constitutional infringement. Id. at 1443.

Baez finally insists that he was denied adequate medical care to repair a hernia and was denied adequate pain medication. Baez's claim is not cognizable is a 28 U.S.C. § 2241 petition; rather, it is properly brought in a civil rights action pursuant to 42 U.S.C. § 1983. See Martinez v. Texas Ct. of Crim. Appeals, 292 F.3d 417, 420 (5th Cir.), cert. denied, 535 U.S. 1091 (2002).

2

In addition to his substantive complaints, Baez has filed a motion for release pending appeal.  We deny that motion.

AFFIRMED; MOTION DENIED.