**Cesar Manuel GUZMAN, Petitioner– Appellant,**

v.

**J.W. TIPPY, Warden, Fci Ray Brook; Janet Reno, United States Attorney General, Respondent-Appellee.**

No. 11, Docket 96–2222.

United States Court of Appeals, Second Circuit.

Submitted Sept. 15, 1997.

Decided Dec. 8, 1997.

Cesar Manuel Guzman, Pro Se.

Thomas J. Maroney, United States Attorney, Northern District of New York, (Barbara D. Cottrell, Assistant United States Attorney, of counsel), Albany, NY, for Appellee.

Before: FEINBERG, WALKER, Circuit Judges and REAL, District Judge.*

PER CURIAM.

Cesar Manuel Guzman appeals from the denial of a petition for a Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2241 filed in the United States District Court for the Northern District of New York and re-

---

* The Honorable Manuel L. Real of the United States District Court for the Central District of California, sitting by designation.

ferred to Magistrate Judge Ralph W. Smith, Jr., in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

Guzman is an alien who arrived in the United States in 1980 from Cuba by way of the Mariel boatlift as one of approximately 125,000 Cubans who arrived in Florida in open boats from the Cuban port of Mariel. *See Palma v. Verdeyen,* 676 F.2d 100, 101 (4th Cir.1982). Upon entry into the United States, Guzman was paroled to a sponsor. In 1987, Guzman was convicted for second degree murder in the State of Florida and sentenced to eight years' imprisonment. His immigration parole was revoked at this time as contrary to public interest.

Upon completion of his sentence, in 1992, he was released into the custody of the Immigration and Naturalization Services (INS) for an exclusion hearing. In May of 1992, after the exclusion hearing, Guzman was ordered excluded. Cuba refused to admit Guzman and no other country would agree to accept him. Since 1992, Guzman has remained incarcerated in several correctional institutions.

During his incarceration, Guzman's parole determination has been reassessed by the INS pursuant to the Cuban Review Plan, 8 C.F.R. § 212.12, which provides for the annual evaluation of detainees by a review panel to reassess their eligibility for parole. The panel first reviewed Guzman's parole in June of 1992 and determined that Guzman's release would not be in the public interest and that he would be accorded an opportunity for parole reconsideration. In April 1994, the INS panel reassessed whether Guzman should be released from detention and once again denied his parole as contrary to public interest.

Guzman argues that his indefinite detention is both unlawful, since the Attorney General does not have the statutory authority to detain him for an indefinite term of imprisonment, and unconstitutional. Because we conclude that there is statutory authority for the indefinite detention of excludable aliens and that such indefinite detention is not unconstitutional, we affirm the district court's judgment dismissing Guzman's habeas corpus petition.

## DISCUSSION

We review a district court's judgment dismissing a petition for habeas corpus *de novo. Maldonado v. Scully,* 86 F.3d 32, 35 (2d Cir.1996).

A sovereign state has a right to exclude aliens. Congress maintains the power to enforce this right, having virtually absolute authority over the admission of aliens. *Fiallo v. Bell,* 430 U.S. 787, 792, 97 S.Ct. 1473, 1477, 52 L.Ed.2d 50 (1977). The Supreme Court has long recognized the Attorney General's power to detain excludable aliens who pose a security threat. *See Shaughnessy v. United States ex rel. Mezei,* 345 U.S. 206, 210–12, 73 S.Ct. 625, 627–29, 97 L.Ed. 956 (1953)(finding continued detention of an excluded alien to be constitutional).

The majority of circuit courts who have considered the question have held that the Attorney General has the authority to indefinitely detain excludable aliens such as the Mariel Cubans. *See Barrera–Echavarria v. Rison,* 44 F.3d 1441, 1445 (9th Cir. 1995) (en banc); *Gisbert v. U.S. Attorney General,* 988 F.2d 1437, 1446 (5th Cir.), *amended,* 997 F.2d 1122 (5th Cir.1993); *Fernandez–Roque v. Smith,* 734 F.2d 576, 580 n. 6 (11th Cir.1984); *Palma v. Verdeyen,* 676 F.2d 100, 103 (4th Cir.1982); *but see Rodriguez–Fernandez v. Wilkinson,* 654 F.2d 1382 (10th Cir.1981)(indefinite detention not a permissible alternative to exclusion). We now join our sister circuits in reaching the same conclusion.

While there is no explicit statutory statement prescribing the length of permissible detention for the Mariel Cubans, authorization is implicit in the statutory language of the Immigration and Nationality Act. *See Barrera–Echavarria,* 44 F.3d at 1445. The Attorney General:

> *may* . . . in [her] *discretion* parole into the United States temporarily under such conditions as [she] may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit or for reasons deemed strictly in the public inter-

est any alien. 8 U.S.C. § 1182(d)(5)(A) (Supp.1997)(emphasis added).

This provision also provides that when the purposes of parole have been served, "the alien shall forthwith return or be returned to the *custody* from which he was paroled." *Id.* (emphasis added). Finally, the Attorney General is granted the power to enforce all laws relating to immigration and naturalization. 8 U.S.C. § 1103(a)(1). It is plain to us that Congress intended to grant the Attorney General the authority to detain excluded aliens indefinitely and that parole was to be the "exception and not the rule." *Barrera–Echavarria*, 44 F.3d at 1446.

Indefinite detention of excludable aliens does not violate due process. *See id.* at 1449. An excluded alien's rights are determined by the procedures established by Congress and not by the due process protections of the Fifth Amendment. As an excluded alien, Guzman "stands on a different footing" and " '[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.' " *Shaughnessy*, 345 U.S. at 212, 73 S.Ct. at 629 (quoting *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544, 70 S.Ct. 309, 313, 94 L.Ed. 317 (1950)).

We note that Guzman has regularly been given an opportunity to plead his case under the Cuban Review Plan, which provides for the annual evaluation of detainees to reassess their eligibility for parole. 8 C.F.R. § 212.12. When the INS review panel finds that the detainee is (1) currently nonviolent; (2) likely to remain nonviolent; (3) not likely to be a threat to the community; and (4) not likely to violate the conditions of parole, he will be recommended for release. *See* 8 C.F.R. § 212.12(d)(2). Under the plan, a detained Mariel Cuban who is not granted parole after a review of the record is entitled to a personal interview with the review panel. *See* 8 C.F.R. § 212.12(d)(4)(ii). Guzman has had, and will continue to have, the opportunity to plead his case to the INS review panel, and to appeal any denials he has received.

Finally, indefinite detention does not violate international law since international law is displaced in this area. The decision of the Attorney General to detain the Mariel Cu-

bans, the legislative enactment of the Immigration and Nationality Act, and the Supreme Court's ruling in *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 73 S.Ct. 625, 97 L.Ed. 956 (1953), are all controlling acts which prevail over international law. *See Barrera–Echavarria*, 44 F.3d at 1450–51; *Gisbert*, 988 F.2d at 1447–48; *Garcia–Mir v. Meese*, 788 F.2d 1446, 1453–55 (11th Cir. 1986).

## CONCLUSION

For the foregoing reasons, we find petitioner's arguments to be without merit and we affirm the judgment of the district court.