In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1497

Angel Carrera-Valdez,

Petitioner-Appellant,

v.

Brian Perryman, District Director,
Immigration and Naturalization Service,

Respondent-Appellee.


Appeal from the United States District Court
for the Western District of Wisconsin.
No. 98-C-0687-S--John C. Shabaz, Chief Judge.


Submitted March 27, 2000--Decided May 2, 2000


   Before Coffey, Easterbrook, and Evans, Circuit Judges.

   Easterbrook, Circuit Judge.  Angel Carrera-Valdez
came to the United States in 1980 during the
Mariel boatlift exodus from Cuba. Many of the new
arrivals had been convicted of crimes in Cuba,
which opened its prisons for those willing to
emigrate. Carrera is one of these convicts:
shortly before leaving Cuba, he had been
sentenced to 20 years' imprisonment for robbery.
After arriving in the United States, Carrera was
released on parole pending a decision concerning
his immigration status, and he commenced a new
criminal career, from which four convictions have
resulted: auto theft, assault, and two (a year
apart) for distributing cocaine. Each conviction
has been followed by the revocation of Carrera's
immigration parole, and after a time he has been
re-released, only to commit a new crime and come
back to federal custody. (On one occasion Carrera
escaped from custody, committed a new crime, and
was recaptured. Oddly he was not prosecuted for
the escape.) In 1990 a final administrative order
excluded Carrera from the United States on the
basis of his criminal record, see 8 U.S.C.
sec.1182(a), but Cuba has refused to accept his
return. He has been in federal prison since 1995
because the INS, having concluded that he is
incorrigible, has refused to parole him into the
general population yet again.

Now being held at Oxford, Wisconsin, Carrera asked the district court to issue a writ of habeas corpus requiring his release until Cuba takes him back. But the court concluded that it lacked jurisdiction and dismissed Carrera's petition, relying on 8 U.S.C. sec.1252(g), which was added to the Immigration and Nationality Act in 1996. Two opinions issued after the district court's decision establish that this was mistaken, and that 28 U.S.C. sec.2241 authorizes a district court to consider Carrera's petition. Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471 (1999); Parra v. Perryman, 172 F.3d 954 (7th Cir. 1999). The INS does not defend the district court's decision; instead, it contends here (as it did in the district court) that the petition fails on the merits.

Section 1252(g), which applies to older exclusion orders (while other features of the 1996 legislation, such as sec.1252(b)(9), do not), forecloses review of "the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Carrera did not ask the district court to block the commencement or adjudication of a case, nor did he protest the execution of a removal order. Just like Parra, Carrera wants review of his placement pending his transfer to another nation, and nothing in sec.1252(g) precludes review of the decision to confine Carrera until then. But just as in Parra it is unnecessary to remand, because release, the relief the alien seeks, is not available.

Former sec.236(e) of the Immigration and Nationality Act, 8 U.S.C. sec.1226(e) (1994 ed.), applies to persons who, like Carrera, were subject to an order of exclusion when the new legislation took full effect on April 1, 1997. Under sec.236(e) an excludable alien who has committed an aggravated felony (a class that includes Carrera) must be taken into custody, and the Attorney General "shall not release such felon from custody" unless the Attorney General determines not only (1) that the alien's native land has "denie[d] or unduly delay[ed] acceptance of the return" (sec.236(e)(2), incorporating 8 U.S.C. sec.1253(g)) but also (2) "that the alien will not pose a danger to the safety of other persons or to property" (sec.236(e)(3)(C)) if released. Carrera satisfies condition (1), but the Attorney General has determined that he does not satisfy condition (2). He is entitled to a writ of habeas corpus only if the second condition violates the Constitution. (A court might in principle issue the writ after concluding that the Attorney General's procedures

for making this determination are defective, and Carrera advances such an argument. But his convictions, which are not subject to collateral attack here, see Custis v. United States, 511 U.S. 485 (1994), support the decision, and we therefore need not determine what procedures are called for when the excludable alien has not been convicted of a crime following his arrival in the United States.)

Almost fifty years ago, the Supreme Court held that an excludable alien may be detained indefinitely when his country of origin will not accept his return. Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206 (1953). Several Justices in more recent years have expressed unease with that decision, but it is conclusive in the courts of appeals. It is therefore not surprising that at least five appellate courts have rejected constitutional challenges, similar to Carrera's, brought by others who arrived on the Mariel boatlift. See Guzman v. Tippy, 130 F.3d 64 (2d Cir. 1997); Palma v. Verdeyen, 676 F.2d 100 (4th Cir. 1982); Gisbert v. Attorney General, 988 F.2d 1437, amended, 997 F.2d 1122 (5th Cir. 1993); Barrera-Echavarria v. Rison, 44 F.3d 1441 (9th Cir. 1995) (en banc); Garcia-Mir v. Meese, 788 F.2d 1446 (11th Cir. 1986). See also Chi Thon Ngo v. INS, 192 F.3d 390 (3d Cir. 1999). The only arguably contrary decision, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382 (10th Cir. 1981), has not garnered adherents and is of doubtful vitality in its own circuit. Duy Dac Ho v. Greene, 204 F.3d 1045 (10th Cir. 2000). Given Shaughnessy there is little point in elaborate discussion by an inferior court. Carrera is not constitutionally entitled to release.

Carrera advances some additional arguments, such as a contention that the Attorney General did not follow the Administrative Procedure Act when promulgating the regulations under which Mariel Cubans may apply for parole, see 8 C.F.R. sec.212.12, and that the United States violated a supposed contract under which he would become a citizen five years after arriving. Arguments of the former kind are not appropriate under sec.2241, and the latter is untenable: citizenship depends on abiding by the laws of the United States, which Carrera has not done. A demand for citizenship, moreover, is squarely foreclosed by sec.1252(g): In this respect, at least, the jurisdictional dismissal was correct, because Carrera's quest for citizenship amounts to a collateral attack on the 1990 exclusion order.

The judgment of the district court is vacated, and the case is remanded with instructions to

dismiss the petition for want of jurisdiction to the extent Carrera seeks citizenship, and otherwise to deny the petition on the merits.