**Guillermo HOYTE–MESA, Petitioner–Appellant,**

v.

**John ASHCROFT, et al., Respondents–Appellees.**

**No. 01–1726.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 19, 2001.*

Decided Dec. 3, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Guillermo Hoyte–Mesa (submitted), Terre Haute, IN, pro se.

Jill E. Zengler, Office of the U.S. Atty., Indianapolis, IN, James G. Hoofnagle, Jr., Office of the U.S. Atty., Civ. Div., Chicago, IL, John D. Ashcroft, Dept. of Justice, Washington, DC, for John D. Ashcroft.

Jill E. Zengler, Office of the U.S. Atty., Indianapolis, IN, James G. Hoofnagle, Jr., Office of the U.S. Atty., Civ. Div., Chicago, IL, for Harley G. Lappin and Doris Meissner.

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

PER CURIAM.

Guillermo Hoyte–Mesa, an excludable alien and citizen of Cuba, has been detained by the INS in federal prison since March 1996 pending deportation. Hoyte filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention on the grounds that it violates his due process rights and amounts to cruel and unusual punishment. The district court denied his petition and we affirm.

Hoyte arrived in the United States in May 1980 during the Mariel boatlift from Cuba, and in August he was paroled into the United States. While released on parole, Hoyte, armed with a knife, slashed a victim in the face, chest, hand, and leg. He was convicted of endangering safety by conduct regardless of life and sentenced to five years' imprisonment. Later he stabbed a prisoner and was convicted of battery. On another occasion he was convicted of carrying a concealed weapon. Upon release from prison, Hoyte was taken into INS custody, and in 1986 an immigration judge determined that Hoyte was excludable and deportable from the United States. *See* 8 U.S.C. § 1182(a). The immigration order became final when the Board of Immigration Appeals upheld the immigration judge's decision and Hoyte did not seek further review.

INS detained Hoyte pending his deportation until October 1989, when he was paroled under the Cuban Review Plan. *See* 8 C.F.R. § 212.12. In 1994 an Illinois

state court convicted Hoyte of a drug offense he committed while released on parole. He subsequently was convicted of a weapons violation. After serving his sentences for these crimes, he was returned to federal custody where he has remained to date.

Since 1996, Hoyte has received annual consideration for immigration parole in accordance with the Cuban Review Plan, 8 C.F.R. § 212.12. A Cuban Review Panel makes a recommendation to the Associate Commissioner for Enforcement of the INS, who has the discretion to approve parole. *Id.* Hoyte was denied parole as recently as October 2000. In his decision denying parole, the Associate Commissioner noted Hoyte's immigration history and criminal record, as well as various disciplinary infractions for which Hoyte was cited while detained, including possession of an unauthorized item, insolence, stealing, being absent from his assignment, and refusing an order.

■ In October 2000 Hoyte filed a petition for writ of habeas corpus alleging that his "indefinite" detention pending deportation, caused by Cuba's refusal to repatriate him and INS's refusal to release him on parole, violates due process and amounts to cruel and unusual punishment. Relying on our decision in *Carrera–Valdez v. Perryman*, 211 F.3d 1046 (7th Cir.2000), the district court denied the petition, finding no constitutional violation in the indefinite detention of an excludable alien who is subject to an elaborate mandatory administrative review process that annually reevaluates his parole eligibility.

■ Our decision in *Carrera–Valdez* principally relied on the Supreme Court's pronouncement in *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 73 S.Ct. 625, 97 L.Ed. 956 (1953), that the United States could constitutionally detain an excludable alien indefinitely if his country of origin refused to accept his return. *Carr-*

*era–Valdez*, 211 F.3d at 1048. Since our decision in *Carrera–Valdez*, the Supreme Court decided *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), in which it considered the constitutionality of the indefinite detention of resident aliens awaiting deportation. In doing so, the court reaffirmed its decision in *Mezei* by distinguishing between excludable aliens and aliens who were admitted to the United States but subsequently ordered removed. *Zadvydas*, 533 U.S. at 682, 121 S.Ct. at 2495 (noting that "[a]liens who have not yet gained initial admission to this country would present a very different question"). The Court's holding in *Mezei* remains unaffected by the *Zadvydas* decision. *Id.* at 2500, 121 S.Ct. 2491 (explaining that Mezei's excludable status "made all the difference"). *Mezei* remains good law, and by extension so too does our holding in *Carrera–Valdez*.

■ Since Hoyte, like Mezei, was never granted admission to the United States prior to his exclusion, the Fifth Amendment does not offer him the same protections as resident aliens who are subsequently ordered removed. *See Zadvydas*, 533 U.S. at 687, 121 S.Ct. at 2500; *Carballo v. Luttrell*, No. 99–5698, 2001 WL 1194699, at *13 (6th Cir. Oct. 11, 2001); *Sierra v. INS*, 258 F.3d 1213, 1218 (10th Cir.2001). Consequently, the district court did not err when it held that Hoyte's continued detention does not violate due process.

Although Hoyte was adjudicated excludable, he was subsequently granted parole into the United States with certain conditions, including compliance with our laws. His breach of those conditions is sufficient to authorize his current detention. *Cf. Zadvydas*, 533 U.S. at 688–689, 121 S.Ct. at 2501–02 (noting that a removable alien's interest after six months' detention would be limited to "supervision under release

conditions that may not be violated"). Hoyte's current incarceration therefore results not only from his excludable status, but also from his violation of parole conditions. Furthermore, the length of his detention now depends on the outcome of his annual parole review. Since Hoyte has access to this type of administrative review, the district court correctly concluded that Hoyte's detention satisfies due process. Accordingly the judgment of the district court is AFFIRMED.