In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1726

Guillermo Hoyte-Mesa,

Petitioner-Appellant,

v.

John Ashcroft, et al.,

Respondents-Appellees.

Appeal from the United States District Court
for the Southern District of Indiana, Terre Haute Division.
No. TH 00-303-C-Y/H--Richard L. Young, Judge.

Submitted November 19, 2001/*--Decided December 3, 2001

   Before Bauer, Easterbrook, and Evans,
Circuit Judges.

   Per Curiam.  Guillermo Hoyte-Mesa, an
excludable alien and citizen of Cuba, has
been detained by the INS in federal
prison since March 1996 pending
deportation. Hoyte filed a petition for a
writ of habeas corpus under 28 U.S.C.
sec. 2241, challenging his detention on
the grounds that it violates his due
process rights and amounts to cruel and
unusual punishment. The district court
denied his petition and we affirm.

   Hoyte arrived in the United States in
May 1980 during the Mariel boatlift from
Cuba, and in August he was paroled into
the United States. While released on
parole, Hoyte, armed with a knife,
slashed a victim in the face, chest,
hand, and leg. He was convicted of
endangering safety by conduct regardless
of life and sentenced to five years'
imprisonment. Later he stabbed a prisoner
and was convicted of battery. On another
occasion he was convicted of carrying a
concealed weapon. Upon release from
prison, Hoyte was taken into INS custody,
and in 1986 an immigration judge
determined that Hoyte was excludable and
deportable from the United States. See 8
U.S.C. sec.1182(a). The immigration order
became final when the Board of
Immigration Appeals upheld the
immigration judge's decision and Hoyte

did not seek further review.

INS detained Hoyte pending his deportation until October 1989, when he was paroled under the Cuban Review Plan. See 8 C.F.R. sec. 212.12. In 1994 an Illinois state court convicted Hoyte of a drug offense he committed while released on parole. He subsequently was convicted of a weapons violation. After serving his sentences for these crimes, he was returned to federal custody where he has remained to date.

Since 1996, Hoyte has received annual consideration for immigration parole in accordance with the Cuban Review Plan, 8 C.F.R. sec. 212.12. A Cuban Review Panel makes a recommendation to the Associate Commissioner for Enforcement of the INS, who has the discretion to approve parole. Id. Hoyte was denied parole as recently as October 2000. In his decision denying parole, the Associate Commissioner noted Hoyte's immigration history and criminal record, as well as various disciplinary infractions for which Hoyte was cited while detained, including possession of an unauthorized item, insolence, stealing, being absent from his assignment, and refusing an order.

In October 2000 Hoyte filed a petition for writ of habeas corpus alleging that his "indefinite" detention pending deportation, caused by Cuba's refusal to repatriate him and INS's refusal to release him on parole, violates due process and amounts to cruel and unusual punishment. Relying on our decision in Carrera-Valdez v. Perryman, 211 F.3d 1046 (7th Cir. 2000), the district court denied the petition, finding no constitutional violation in the indefinite detention of an excludable alien who is subject to an elaborate mandatory administrative review process that annually reevaluates his parole eligibility.

Our decision in Carrera-Valdez principally relied on the Supreme Court's pronouncement in Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206 (1953), that the United States could constitutionally detain an excludable alien indefinitely if his country of origin refused to accept his return. Carrera-Valdez, 211 F.3d at 1048. Since our decision in Carrera-Valdez, the

Supreme Court decided Zadvydas v. Davis, 121 S. Ct. 2491 (2001), in which it considered the constitutionality of the indefinite detention of resident aliens awaiting deportation. In doing so, the court reaffirmed its decision in Mezei by distinguishing between excludable aliens and aliens who were admitted to the United States but subsequently ordered removed. Zadvydas, 121 S. Ct. at 2495 (noting that "[a]liens who have not yet gained initial admission to this country would present a very different question"). The Court's holding in Mezei remains unaffected by the Zadvydas decision. Id. at 2500 (explaining that Mezei's excludable status "made all the difference"). Mezei remains good law, and by extension so too does our holding in Carrera-Valdez.

Since Hoyte, like Mezei, was never granted admission to the United States prior to his exclusion, the Fifth Amendment does not offer him the same protections as resident aliens who are subsequently ordered removed. See Zadvydas, 121 S. Ct. at 2500; Carballo v. Luttrell, ___ F.3d ___, No. 99-5698, 2001 WL 1194699, at *13 (6th Cir. Oct. 11, 2001); Sierra v. INS, 258 F.3d 1213, 1218 (10th Cir. 2001). Consequently, the district court did not err when it held that Hoyte's continued detention does not violate due process.

Although Hoyte was adjudicated excludable, he was subsequently granted parole into the United States with certain conditions, including compliance with our laws. His breach of those conditions is sufficient to authorize his current detention. Cf. Zadvydas, 121 S. Ct. at 2501-02 (noting that a removable alien's interest after six months' detention would be limited to "supervision under release conditions that may not be violated"). Hoyte's current incarceration therefore results not only from his excludable status, but also from his violation of parole conditions. Furthermore, the length of his detention now depends on the outcome of his annual parole review. Since Hoyte has access to this type of administrative review, the district court correctly concluded that Hoyte's detention satisfies due process. Accordingly the judgment of the district court is AFFIRMED.

FOOTNOTE

/* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2).