**Dave Oladapo OBIKANYE,**
**Petitioner–Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent–Appellee.**

No. 03–2147.

United States Court of Appeals,
Second Circuit.

Oct. 24, 2003.

**770**

Oladapo Obikanye, Queens, NY, for Appellant, pro se.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, N.Y. (Varuni Nelson, Margaret Kolbe, Margot Schoenborn, Assistant United States Attorneys, on the brief), for Appellee.

---

* The Honorable Richard M. Berman, United States District Judge for the Southern District

Present: VAN GRAAFEILAND, B.D. PARKER, Circuit Judges, and BERMAN,* District Judge.

### SUMMARY ORDER

Petitioner–Appellant Dave Oladapo Obikanye, *pro se,* appeals from an order of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*) dismissing his petition pursuant to 28 U.S.C. § 2241.

In September 2001, Obikanye, a native of Nigeria, arrived in the United States, presented a passport from the United Kingdom bearing a different name, and requested entry under the Visa Waiver Program. In a subsequent sworn statement to the Immigration and Naturalization Service ("INS"), Obikanye used another name and stated that he would be killed if he was forced to return to his home country. The INS took custody of Obikanye and referred his case to an Immigration Judge for an asylum hearing. In December 2001, an Immigration Judge issued a decision finding that Obikanye failed to establish eligibility for asylum, withholding of removal, or relief under the Convention Against Torture Act. In May 2002, the Board of Immigration Appeals ("BIA") dismissed his appeal, finding that, even if Obikanye's claims about cult activity in Nigeria were credible, he could not demonstrate that he suffered past persecution or had a well-founded fear of future persecution. Obikanye filed a petition for review of the BIA's decision and received a stay of removal pending resolution of that petition. *See Obikanye v. INS,* U.S.C.A., No. 02–4200.

In his subsequent petition filed pursuant to 28 U.S.C. § 2241, Obikanye argued, *in-*

of New York, sitting by designation.

*ter alia,* that his continued detention was unlawful, based on the Supreme Court's decision in *Zadvydas v. INS,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). However, the district court found that *Zadvydas* applied only to aliens who were already in the United States but subject to a removal order and did not apply to aliens, like Obikanye, who had not yet gained admission to the United States. The district court further determined that, in any event, Obikanye's detention did not conflict with *Zadvydas* because he remained in custody because of the stay of removal he received, and he failed to demonstrate that the INS would be unable to remove him once the stay was lifted. On appeal, Obikanye argued that *Zadvydas* had been extended to reach aliens who have not yet gained admission to the United States and, therefore, his detention was improper.

On appeal from the denial of a § 2241 petition, we review the merits of the petition *de novo. Chrzanoski v. Ashcroft,* 327 F.3d 188, 191 (2d Cir.2003). As a threshold matter, because Obikanye's appellate brief makes clear that he challenges only his detention under *Zadvydas,* any other claims raised in his § 2241 petition will not be considered on appeal. *See LoSacco v. Middletown,* 71 F.3d 88, 92 (2d Cir.1995).

Pursuant to 8 U.S.C. § 1231, "the Attorney General shall remove the alien from the United States within a period of 90 days" of the final removal order. The statute further states that certain aliens, including inadmissible and criminal aliens, shall continue to be subject to "supervision," which has been interpreted to include detention, even after the ninety-day period. 8 U.S.C. § 1231(a)(6); *Zadvydas,* 533 U.S. at 688–99, 121 S.Ct. 2491. In *Zadvydas,* the Supreme Court addressed the question of whether the indefinite detention of two lawful permanent resident aliens, who had been ordered removed because of their criminal convictions, violated due process and constituted an impermissible application of the Attorney General's statutory authority. *Zadvydas,* 533 U.S. at 688–99, 121 S.Ct. 2491. The Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. *Zadvydas* established that detention is presumptively reasonable for six months after a removal order and, after that, if the alien demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future and the Government cannot rebut that showing, continued detention is improper. *Id.* at 701, 121 S.Ct. 2491.

In reaching its decision, the Court noted the distinction between "deportable" and "excludable" aliens: While deportable aliens were afforded due process protection because they made "legal entry" into this country, excludable aliens had no due process protection because, although they may have physically entered this country, they initially did not enter legally. *Id.* at 682, 121 S.Ct. 2491 (noting that "[a]liens who have not yet gained admission to this country would present a very different question").

Most circuits interpreting *Zadvydas* have determined that it does not extend to inadmissible aliens. *Benitez v. Wallis,* 337 F.3d 1289 (11th Cir.2003) (Zadvydas's six-month presumption of reasonableness of detention applies only to "resident aliens who have effected entry."); *Borrero v. Aljets,* 325 F.3d 1003, 1007 (8th Cir.2003) (six-month time period did not apply to alien who was not admitted to the United States); *Rios v. INS,* 324 F.3d 296, 297 (5th Cir.2003) (noting that *Zadvydas* recognized the distinction between deportable aliens and excludable aliens); *Hoyte–Mesa v. Ashcroft,* 272 F.3d 989, 991 (7th Cir.2001) (*Zadvydas* distinguished "between exclud-

772

able aliens and aliens who were admitted to the United States").

Other courts, however, have found that *Zadvydas* applies equally to excludable aliens, as Obikanye argues on appeal. *Rosales–Garcia v. Holland,* 322 F.3d 386, 404 (6th Cir.2003) ("On the basis of the plain language of the provision, we find it difficult to believe that the Supreme Court in *Zadvydas* could interpret § 1231(a)(6) as containing a reasonableness limitation for aliens who are removable on grounds of deportability but not for aliens who are removable on grounds of inadmissibility."); *Xi v. INS,* 298 F.3d 832, 836 (9th Cir. 2002)(the Supreme Court's construction of § 1231(a)(6) in *Zadvydas* applies to inadmissible, formerly excludable alien).

We need not address this issue, however, because even if *Zadvydas* applied to excludable aliens as the Ninth and Sixth Circuits have held, Obikanye must still demonstrate that there is no likelihood of his removal in the reasonably foreseeable future. Here, Obikanye has not shown that the INS will be unable to remove him within a reasonable time after the resolution of his petition for review. Moreover, Obikanye is not being held indefinitely beyond the removal period, but instead, only because he requested and was granted a stay of removal. Because Obikanye's removal is reasonably foreseeable, his detention does not implicate *Zadvydas;* he will be subject to removal if this Court denies his pending petition for review, and, if he prevails on the petition for review and is granted asylum, he will be released. Accordingly, the district court properly denied his § 2241 petition.

For these reasons, the judgment of the district court is AFFIRMED.