**Rasheed A. WILLIAMS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 04–0936–PR.**

United States Court of Appeals, Second Circuit.

Nov. 19, 2004.

Rasheed A. Williams, Middletown, NY, for Appellant, pro se.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (Peter A. Norling, David C. James, Assistant United States Attorneys, on the brief), for Appellee.

Present: NEWMAN, MCLAUGHLIN, and POOLER, Circuit Judges.

SUMMARY ORDER

Petitioner-appellant Rasheed Williams appeals from a judgment of the district court dismissing his *habeas corpus* petition under 28 U.S.C. § 2241 (2000). We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We review *de novo* a district court's judgment dismissing a *habeas corpus* petition. *Guzman v. Tippy,* 130 F.3d 64, 65 (2d Cir.1997).

Collateral attacks on the imposition of a sentence, as opposed to the execution of that sentence, must be brought under 28 U.S.C. § 2255. *Poindexter v. Nash,* 333 F.3d 372, 377 (2d Cir.2003). Williams argued in the district court and on appeal that his sentence was improperly calculat-

ed because he was classified as a career criminal. He argues that one of the predicate convictions on which his career criminal status was based was a juvenile conviction for which he was released earlier than stated in the presentence report. These are clearly challenges to the imposition of his sentence and not its execution. As a result, the proper vehicle for relief is a § 2255 petition. It is undisputed that such a petition would be time-barred.

We have previously recognized that where a § 2255 petition would be procedurally barred, a collateral attack under § 2241 will be permitted if necessary to address serious constitutional questions. *Id.* at 378. To raise such constitutional questions, the petitioner "must assert a claim of actual innocence that (a) is provable on the existing record, and (b) could not have effectively been raised at an earlier time." *Id.* (quotation omitted). Actual innocence in a noncapital case means that the defendant did not commit the crime. *Id.* at 381. Williams' arguments do not assert actual innocence of any crime. Instead, they raise only a legal argument as to the inclusion of one of the predicate convictions, an approach we have previously rejected. *Id.* at 382.

We therefore affirm the judgment of the district court.